This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO.  32,150**

**EMERY BRADLEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Emery Bradley (Defendant) appeals from the district court's judgment and sentence, entered after a jury trial, convicting Defendant for DWI (per se .08 or above), open container, and driving on a suspended or revoked license. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in opposition in response to our notice and a motion to amend the docketing statement. We have considered Defendant's response, and we remain unpersuaded. Also, we are not persuaded that Defendant has met the standard for amending the docketing statement. Accordingly, we deny Defendant's motion to amend the docketing statement and affirm his convictions.

**Sufficiency of the Evidence**

Under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), Defendant challenges the sufficiency of the evidence to support his convictions for open container and DWI. [MIO 5-7] Like his docketing statement, Defendant's memorandum in opposition does not provide this Court with all the facts material to his sufficiency challenge. *See* Rule 12-208(D)(3) NMRA (requiring that the docketing statement contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *see also Thornton v.*

*Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (construing this appellate rule to include the evidence that supports the trial court's ruling and warning that the "[f]ailure to comply with these precepts may result in contempt sanctions"). Where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by [Rule] 12-208(B)(3), we cannot grant relief on [that] ground." *State v. Chamberlain*, 109 N.M. 173, 176, 783 P.2d 483, 486 (Ct. App. 1989).

Defendant contends that his conviction for open container was not supported by substantial evidence because his car was messy, and the cans the officer removed from Defendant's car were merely part of the mess. [MIO 7] The jury was free to reject Defendant's theory, however. *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (providing that conflicts in the evidence, including conflicts in the testimony of witnesses, are to be resolved by the fact finder and stating that the fact finder is free to reject the defendant's version of events). The record suggests that the State presented a video recording showing an officer removing open containers of alcohol from the car. [RP 59, 74] Contrary to the obligations on appeal set forth above, Defendant does not describe the contents of the video. Without all the relevant facts, we may indulge in all reasonable inferences in support of the verdict. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there

3

is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). As a result, we presume the video of the officer removing open containers of alcohol from Defendant's vehicle supports his conviction for open container. Accordingly, we affirm Defendant's conviction for open container.

Defendant also challenges the sufficiency of the evidence presented to support his conviction for per se DWI. [MIO 5-6] The analyst who tested the alcohol content of Defendant's blood testified that his blood-alcohol level was .22, well over the legal limit. [MIO 4] Further, the record suggests that Defendant's blood was drawn within three hours of his driving. [RP 57, 60] This constitutes sufficient evidence to support Defendant's conviction for per se DWI. *See* NMSA 1978, § 66-8-102(C)(1) (2010) (stating that "[i]t is unlawful for . . . a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle"). As a result, we affirm Defendant's conviction for DWI.

To the extent that Defendant asserts that his blood sample was "unaccounted for for more than thirty days" before it was tested, this is in the nature of a challenge to the chain of custody for purposes of admitting the evidence, rather than a challenge

4

to the sufficiency of the evidence. [MIO 7] Defendant did not raise this matter in his docketing statement. We do not construe this argument as properly brought under a motion to amend the docketing statement because Defendant has not provided this Court with an adequate factual or legal foundation required of motions to amend the docketing statement. We address this matter more fully below with the motion to amend the docketing statement that Defendant expressly raised in his response to our notice.

**Motion to Amend the Docketing Statement**

In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

As indicated above, Defendant does not state all the facts material to his assertion of error in the retention of his blood sample for more than thirty days before it was tested. For instance, Defendant does not explain what objections he raised below to the admission of his blood-test results, or why we should construe this matter as a challenge to the sufficiency of the evidence that can be raised for the first time on appeal. Further, Defendant does not explain what arguments the State raised to support admission of the blood test results or the grounds for the district court's ruling. We re-emphasize that, on appeal, we presume correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error. *See Aragon*, 1999-NMCA-060, ¶ 10. We also note that Defendant does not indicate what regulation he argued was violated in this case that is required by New Mexico Department of Health, Scientific Laboratory Division, Toxicology Bureau (SLD), and we are not persuaded by Defendant's assertion of error that the testing of his blood sample ran afoul of the approved methods for blood sample collection, analysis, and retention. *See* 7.33.2.15(A)(1)-(6) NMAC. Without the necessary facts or law to support Defendant's assertion of error, we summarily reject it.

Lastly, Defendant expressly raises a motion to amend the docketing statement to add the issue of whether the district court erred by refusing to allow defense

6

counsel to impeach Deputy Frazier with a prior incident of excessive force. [MIO 7-8] In support of this contention, Defendant refers this Court to Rule 11-403(A)(3) NMRA (permitting evidence of a witness's character under Rules 11-607 NMRA, 11-608 NMRA, and 11-609 NMRA) and Rule 11-608(B)(1) (stating that a court may, on cross-examination, allow specific instances of conduct to be inquired into if they are probative of the character for truthfulness of the witness). This issue also is pursued under the demands of *Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658-60, 712 P.2d at 4-6. [MIO 8]

Again, Defendant does not provide us with sufficient facts. Defendant does not describe the specific instance where the officer allegedly used excessive force against a Native American, or how that demonstrates that the officer "had issues with Native Americans." [MIO 8] Defendant does not indicate what the State argued in response to Defendant's arguments or the grounds for the district court's ruling. Further, without more information, we are not persuaded that the alleged instance of excessive force is probative of the officer's character for truthfulness. Defendant gives no indication that there was evidence that the officer had a pattern of behavior, or that the alleged instance of excessive force would be probative of the officer's veracity about the current case where there was no allegation of excessive force, or that the stop was illegal, and it appears that the encounter was videotaped and played for the jury.

7

Without further information from Defendant, we are not persuaded that this issue is viable. *See State v. Martinez*, 2008-NMSC-060, ¶ 10, 145 N.M. 220, 195 P.3d 1232 ("Generally speaking, a reviewing court defers to the trial court's decision to admit or exclude evidence and will not reverse unless there has been an abuse of discretion." (internal quotation marks and citation omitted)). Accordingly, we deny Defendant's motion to amend the docketing statement. *See Moore*, 109 N.M. at 129, 782 P.2d at 101.

For the reasons set forth above, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**